**McCARTHY & HOLTHUS, LLP**
David C. Scott, Esq. (SBN: 225893)
Rachel Opatik, Esq. (SBN: 243140)
1770 Fourth Avenue
San Diego, CA 92101
Telephone:   (619) 685-4800
Facsimile:   (619) 685-4811
Email:       dscott@mccarthyholthus.com
             ropatik@mccarthyholthus.com

Attorneys for Defendant,
Bank of America, N.A. and Quality Loan Service Corp.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

ROCIO PINEDA,

                  Plaintiff,

v.

BANK OF AMERICA, N.A. formally
doing business as GREENPOINT
MORTGAGE FUNDING;
QUALITY LOAN SERVICE CORP.;
and DOES 1 through 50 inclusive

                  Defendants.

Case No. ED CV 11 - 00972 VAP (SPx)

Superior Court of California, County of San Bernardino

Superior Court Case No:
CIVDS 1106684

**NOTICE OF REMOVAL**
**[28 U.S.C. § 1446(d)]**

     TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

     PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, Defendants BANK OF AMERICA N.A. ("BAC") and QUALITY LOAN SERVICE CORP. ("QUALITY") (collectively, "DEFENDANTS") hereby remove the above captioned action from the Superior Court of California, County of San Bernardino, to the United States District Court for the Central District of California. DEFENDANTS are entitled to removal based on federal question jurisdiction, as follows:

CA11-4843

1. On May 25, 2011, an action was commenced against Defendant in the Superior Court of California, County of San Bernardino, entitled *Rocio Pineda vs. Bank of America, N.A., et al.* as Case No. CIVDS 1106684. A true and accurate copy of the Complaint in the State Court Action is attached hereto as Exhibit "A."

2. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiffs' claims arise under the laws of the United States.  The Supreme Court has held that "a case 'arose under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983). Plaintiffs allege in their Seventh Cause of Action that DEFENDANTS have violated TILA (Complaint ¶¶ 66-71) Accordingly, this case turns upon federal questions, and this Court has jurisdiction.

3. The State Court Action was filed on May 25, 2011.  This Notice of Removal is being filed within 30 days of the filing of the Complaint and, thus, within 30 days of the date on which DEFENDANTS could have been served in the State Court Action.   Removal, therefore, is timely in accord with 28 U.S.C. §1446(b).

4. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiffs' state and common law claims.  It is well-settled that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative facts" with a Federal claim. City of Chicago v. International College of Surgeons, 522 U.S. 153, 164-65 (1997).  Plaintiffs' state and common law claims form part of the same case or controversy and, accordingly, arise out of a common nucleus of operative facts.

5. Removal to this district court is proper because this is the district that embraces the county in which Plaintiff filed the state court action. 28 U.S.C. § 1441(a).

/ / /

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

CA11-4843

6.      On June 3, 2011, Defendant Quality Loan Service Corporation filed its Declaration of Non-Monetary Status with the Superior Court of California, County of San Bernardino in response to PLAINTIFFS' Complaint. In addition, Defendant Quality Loan Service Corp. has consented to removal of this matter to federal court.

7.      As required by 28 U.S.C. §1446(d), Defendant will provide written notice of removal of this action to Plaintiff and the San Bernardino County Superior Court.

## CONCLUSION

By this Notice of Removal and the associated attachments, DEFENDANTS do not waive any objections that they may have as to service, jurisdiction or venue, or any other defenses or objections that they may have to this action. DEFENDANTS intend no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions, and/or pleas.

WHEREFORE, DEFENDANTS pray that the above action now pending against them in the Superior Court of California, County of San Bernardino as Case Number CIVDS1106684 be removed to this Court and that this Court assume jurisdiction over the action and determine it on the merits.

Dated:  June 20, 2011                    Respectfully submitted,
                                         **McCARTHY & HOLTHUS, LLP**


                                         By:___/s/ *David Scott*_____
                                              David C. Scott, Esq.
                                              Rachel Opatik, Esq.
                                              Attorneys for Defendants,
                                              Bank of America, N.A. and Quality Loan
                                              Service Corp.

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

3
**NOTICE OF REMOVAL**

CA11-4843

EXHIBIT A

ROCIO PINEDA
7946 DRAKE STREET
FONTANA, CA 92336
TELEPHONE NO. (562) 965-2034

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 2 5 2011

By _____ Arlene Hurdado

Deputy

PLAINTIFF IN PRO PER

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## IN AND FOR COUNTY OF SAN BERNARDINO

| ROCIO PINEDA , | CASE NO: CIVDS 1106684 |
|---|---|
| Plaintiff, | **COMPLAINT FOR:**<br>**MONETARY DAMAGES** |
| V. | **STATUTORY DAMAGES, PUNITIVE**<br>**DAMAGES, INJUNCTIVE RELIEF AND**<br>**DECLARATORY RELIEF** |
| BANK OF AMERICA, N.A. formally doing business as GREENPOINT MORTGAGE FUNDING ;, QUALITY LOAN SERVICE CORP;, and DOES 1 through 50 inclusive | 1. **VIOLATION OF *CALIFORNIA CIVIL CODE* §2923.5;**<br>2. **FRAUD;**<br>3. **INTENTIONAL MISREPRESENTATION;** |
| Defendants. | 4. **VIOLATION OF *CALIFORNIA CIVIL CODE* §2923.6;**<br>5. **VIOLATION OF *CALIFORNIA CIVIL CODE* §1572;**<br>6. **VIOLATION OF *BUSINESS AND PROFESSIONS CODE* §17200.**<br>7. **FEDERAL TRUTH IN LENDING ACT;** |

Plaintiff ROCIO PINEDA  an (Hereinafter referred as "Plaintiff") alleges herein as

follows:

## GENERAL ALLEGATIONS

1. Plaintiff at all times relevant has been a resident of the County of San Bernardino, State of California and the owner of Real Property, including but not limited to the property at issue herein, 7946 DRAKE STREET, FONTANA, CA 92336.

2. Defendant BANK OF AMERICA, N.A. formally doing business as GREENPOINT MORTGAGE FUNDING (hereinafter "BOFA") at all times herein mentioned was doing business in the County of San Bernardino, State of California and was one of the original Lender for Plaintiff's Deed of Trust Deed and Note.

3. Defendant QUALITY LOAN SERVICE CORP., (hereinafter "QUALITY") at all times herein mentioned is doing business in the County of San Bernardino, State of California and was listed on the Notice of Default and Notice of Trustee Sale for the above named Real Property.

4. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names and all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiff's title, or any cloud on Plaintiff's title thereto. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

5. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned each of the defendants sued herein was the agent and employee of each of the remaining defendants. Plaintiff alleges that each and every defendant alleged herein ratified the conduct of each and every other defendant. Plaintiff further alleges that at

all times said defendants were was acting within the purpose and scope of such agency and employment.

6. Plaintiff financed the foregoing Real Property on or about March 5, 2007 through BOFA, by virtue of a Trust Deed and Notes securing the Loans. (See Exhibit "A")

7. Plaintiffs further allege that on or about March 2, 2010 Defendants allege that Plaintiffs became in default of their loan. (See Exhibit "B") However the Declaration of Due Diligence that is required to be attached to the Notice of Default is missing pursuant to *California Civil Code* §2923.5, therefore making the Notice of Default void.

8. Plaintiff further alleges on information and belief that none of these alleged beneficiaries or representatives on the Notice of Default and/or Notice of Trustee's Sale can prove that they have the authority to conduct the foreclosure. Furthermore, the Defendants listed on the Notice of Default and/or Notice of Trustee's Sale were never assigned the rights under this Deed of Trust to conduct a valid foreclosure sale.

9. Plaintiff further alleges that the foreclosure sale of the Subject Property due to the failed notices and unauthorized parties was not executed in accordance with the requirements of *California Civil Code* §2924, §2923.5 and §2923.6.

10. Plaintiff alleges that Defendants, and each of them, are engaged in and continue to engage in violations of California law including but, not limited to: *California Civil Code* §2924, §2923.5 and §2923.6, and unless restrained will continue to engage in such misconduct, and that a public benefit necessitates that Defendants be restrained from such conduct in the future.

I.

## FIRST CAUSE OF ACTION
## VIOLATION OF *CALIFORNIA CIVIL CODE* §2923.5
### (Against all Defendants)

11. Plaintiff repeats and re-alleges Paragraphs 1 through 10 as though fully set forth herein.

12. Defendants cannot prove that the non-judicial foreclosure which has commenced, strictly complied with the tenets of *California Civil Code* §2923.5 and §2924 in order to maintain an action for possession.

13. The California Legislature passed Senate Bill 1137, impacting residential mortgage lenders, foreclosure procedures and eviction procedures. This law is effective immediately and extends on to January 1, 2013. The Statute amends provisions of the non-judicial foreclosure procedures found in California Code of Civil Procedure §2924, by adding requirements for meetings, due diligence, and notification of counseling. The primary purpose for the Statute is foreclosure procedures and imposes an unprecedented duty upon lenders relating to contact with borrowers.

### *California Civil Code §2923.5*

14. As September 6, 2008, *California Civil Code* §2923.5 applies to loans made from January 1, 2003, to December 31, 2007, and loans secured by residential real property that are for owner-occupied residences. For purposes of *California Civil Code* §2923.5, "owner-occupied" means that the residence is the principal residence of the borrower. Prior to filing a Notice of Default, *California Civil Code* §2923.5 provides in pertinent part:

(a) (1) A trustee may not file a notice of default pursuant to Section 2924 until 30 days after contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g). In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban

Development (HUD) to find a HUD-certified housing counseling agency. Any meeting may occur telephonically.

(2) An authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgagee, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule the meeting to occur within 14 days.

**Lender in this case did not provide a toll-free telephone number to Plaintiff. Plaintiff was never contacted to assess their financial situation and was not given any options in order to avoid foreclosure. Plaintiff would have requested a meeting at their home within 14 days if they had been advised of that option.**

(b) A notice of default filed pursuant to Section 2924 shall include a declaration from the mortgagee, beneficiary, or authorized agent that it has contacted the borrower, tried with due diligence to contact the borrower as required by this section, or the borrower has surrendered the property to the mortgagee, trustee, beneficiary, or authorized agent.

**The required declaration is missing/improper. The declaration does not contain a penalty of perjury clause and there is no evidence on the face of the Notice of Default as to whether the declarant had any personal knowledge concerning any contact made to Plaintiff. (See infra)**

(c) If a mortgagee, trustee, beneficiary, or authorized agent had already filed the notice of default prior to the enactment of this section and did not subsequently file a notice of rescission, then the mortgagee, trustee, beneficiary, or authorized agent shall, as part of the notice of sale filed pursuant to Section 2924f, include a declaration that either:
(1) States that the borrower was contacted to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure.
(2) Lists the efforts made, if any, to contact the borrower in the event no contact was made.

15. Furthermore *California Civil Code* §2923.5(g) provides that a borrower not contacted

by a mortgagee, beneficiary, or authorized agent despite "due diligence" shall mean all

of the following:

(1) A mortgagee, beneficiary, or authorized agent shall first attempt to contact a borrower by sending a first-class letter that includes the toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency.

(2) (A) After the letter has been sent, the mortgagee, beneficiary, or authorized agent shall attempt to contact the borrower by telephone at least three times at different hours and on different days. Telephone calls shall be made to the primary telephone number on file.

(B) A mortgagee, beneficiary, or authorized agent may attempt to contact a borrower using an automated system to dial borrowers, provided that, if the telephone call is answered, the call is connected to a live representative of the mortgagee, beneficiary, or authorized agent.

(C) A mortgagee, beneficiary, or authorized agent satisfies the telephone contact requirements of this paragraph if it determines, after attempting contact pursuant to this paragraph, that the borrower's primary telephone number and secondary telephone number or numbers on file, if any, have been disconnected.

(3) If the borrower does not respond within two weeks after the telephone call requirements of paragraph (2) have been satisfied, the mortgagee, beneficiary, or authorized agent shall then send a certified letter, with return receipt requested.

(4) The mortgagee, beneficiary, or authorized agent shall provide a means for the borrower to contact it in a timely manner, including a toll-free telephone number that will provide access to a live representative during business hours.

**The mortgagee, beneficiary, or authorized agent never complied with the provisions**

**of §2923.5(g) of *California Civil Code* in its entirety as proscribed.**

16. Plaintiff is informed and believes and thereupon alleges that the Notice of Default was

invalid and unenforceable due to the intentional and willful violations including but,

not limited to failing and/or refusing to mail the Notice of Default within ten business

days to Plaintiffs, to post and mail the Notice of Default within one month, to properly

set the sale date, to publish the Notice of Sale twenty days prior to the date set for sale,

and to record the Notice of Sale as required by *California Civil Code* §2924.

17. Defendants did not fully comply with *California Civil Code* §2923.5 and therefore the

Notice of Default is VOID. Thus if the property is sold in a non-judicial foreclosure,

the procedure is void.

## **Invalid Declaration on Notice of Default and/or Notice of Trustee's Sale**

## **PENALTY OF PERJURY**

18. The purpose of permitting a declaration under penalty of perjury, in lieu of a sworn

statement, is to help ensure that declarations contain a truthful factual representation

and are made in good faith. (In re Marriage of Reese & Guy, 73 Cal. App. 4th 1214, 87

Cal. Rptr. 2d 339 (4th Dist. 1999).

19. In addition to *California Civil Code* §2923.5, *California Code of Civil Procedure*

§2015.5 states:

Whenever, under any law of this state or under any rule, regulation, order or requirement made pursuant to the law of this state, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn statement, **declaration**, verification, certificate, oath, or affidavit, in writing of the person making the same, such matter may with like force and effect be supported, evidenced, established or proved by the unsworn statement, **declaration**, verification, or certificate, in writing of such person which recites that is certified or **declared by him or her to be true under penalty of perjury**, is subscribed by him or her, and (1), if executed within this state, states the date and place of execution; (2) if executed at any place, within or without this state, states the date of execution and that is so certified or declared under the laws of the State of California. The certification or declaration must be in substantially the following form:
(a) If executed within this state:
"I certify (or declare) under penalty of perjury that the foregoing is true and correct":

_____                    _____
(Date and Place)                                      (Signature)

1

2      **For our purposes we need not look any farther than the Notice of Default to**

3      **find the declaration is missing and therefore there is no signature under penalty of**

4      **perjury; as mandated by new Civil Code §2923.5(c). Therefore, the Notice of**

5

6      **Default is VOID.**

7

8            **LACK OF PERSONAL KNOWLEDGE OF DECLARANT**

9    20. An affidavit on behalf of a corporation must show that it was made by an authorized

10       officer or agent, and the officer him or herself must swear to the facts. Furthermore, a

11

12       person who verified a pleading is required to have personal knowledge or reasonable

13       cause to believe the existence of the facts stated therein. Here, the Declaration for the

14       Notice of Default by the agent does not state if the agent has personal knowledge and

15       how he obtained this knowledge.

16

17    21. The proper function of an affidavit is to state facts, not conclusions, and affidavits that

18       merely state conclusions rather than facts are insufficient. An affidavit must set forth

19       facts and show affirmatively how the affiant obtained personal knowledge of those

20       facts. The Notice of Default <u>does not</u> have the required agent's personal knowledge of

21       facts and if the Plaintiff borrower was affirmatively contacted in person or by

22

23       telephone to assess the Plaintiff's financial situation and explore options for the

24       Plaintiff to avoid foreclosure. Simply put, the declaration was missing all together.

25    22. Plaintiff alleges that Defendants, and each of them, willfully, wrongfully and without

26       justification, and without privilege have threatened to commence an invalid foreclosure

27

28

1    sale against the Plaintiff's SUBJECT PROPERTY, thereby, slandering Plaintiff's title

2    thereto.

3    23. Furthermore, The California Foreclosure Prevention Act, which became effective June

4    15, 2009, delays the non-judicial foreclosure process by requiring an addition 90-day

5
     delay (beyond the current three-month period) between recording a notice of default
6

7    and a notice of stay for certain residential properties. The law applies to:

8        1. Loans recorded between January 1, 2003 and January 1, 2008, inclusive,
         2. The borrower occupies the property as his/her principal residence and occupied it
9        at the time the loan became delinquent;
         3. A notice of default has been recorded on the property; and
10       4. The loan is secured by a first lien on residential property that is located in
11       California.

12   24. In this case, Plaintiff's property was her principal place of residence and her deed was

13   dated on March 5, 2007. Therefore, the California Foreclosure Prevention Action
14
     applies and they should be allowed an additional 90 days (plus the three-month period
15

16   already) after Notice of Default is recorded.

17

18                                      II.
19                        SECOND CAUSE OF ACTION
                                  FOR FRAUD
20                          (Against all Defendants)

21

22   25. Plaintiff repeats and re-alleges Paragraphs 1 through 24 as though fully set forth

23   herein.

24   26. On or about March 5, 2007, Plaintiff obtained a loan through BOFA, to finance her
25
     home. (See Exhibit "A"). On or about March 2, 2010, Defendant QUALITY purported
26

27   to execute a Notice of Default.

28   27. Plaintiff has recently learned that Defendant QUALITY listed on the Notice of Default

and Notice of Trustee's Sale are not the legal owners of the Note and Deed of Trust and were not at the time they will issue the notices and commenced the foreclosure process, notwithstanding the fact that the note was not negotiable and did not contain a valid power of sale and also was void due to the missing/invalid Declaration of Due Diligence.

28. The Note executed by Plaintiff was no longer a negotiable instrument because the assignment was not physically applied to the Note pursuant to the holding of Pribus v. Bush, (1981) 118 Cal.App.3d 1003, 173 Cal.Rptr. 747, although there was sufficient room on the back of the Note to complete the assignment, and as such the foreclosure of Plaintiff's subject property was void.

29. In addition, *California Civil Code* §2932.5 governs the Power of sale under an assigned mortgage, and provides that the power of sale can only vest in a person entitled to money payments:

"Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, **the power is part of the security** and vests in any person who **by assignment becomes entitled to payment** of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded."

30. Defendants have no standing to enforce a non-judicial foreclosure. Defendants are strangers to this transaction, and have no authority to go forward with the foreclosure and Trustee's Sale because an assignment was not acknowledge or recorded.

31. *Uniform Commercial Code* §3-301 states that the "person entitled to enforce an instrument" is either the holder of the instrument or a non-holder in possession of the

instrument who has the rights of a holder. Furthermore, §3-302 states that a "holder in due course" is not a person who acquired rights of an instrument by legal process or by purchase in an execution, bankruptcy, or creditor's sale or similar proceedings.

32. Plaintiff executed a Promissory Note (hereinafter the "Note") and a Deed of Trust to BOFA (See Exhibit "A"). GREENPOINT MORTGAGE FUNDING and or Defendant BOFA is the Lender and only party entitled to enforce the Note and any security interest with it.

33. Defendant QUALITY is not listed anywhere in the Deed of Trust or Promissory Note. (See Exhibit "A")

34. The San Bernardino Recorder's Office does not contain any evidence of a recorded assignment from GREENPOINT MORTGAGE FUNDING and or BOFA.

35. As a result, the power of sale may not be exercised by any of the Defendants since there was never an acknowledged and recorded assignment pursuant to *California Civil Code* §2932.5. Furthermore, Defendant QUALITY has no lawful security interest in the subject property.

36. Plaintiff alleges that Defendants, and each of them, falsely misrepresented that the Notice of Default was validly executed, that they intended to induce Plaintiffs into relying on the misrepresentation, that they knew at the time they made these representations to Plaintiffs that they were untrue, and defendants know at the time that they were attempting to foreclose on Plaintiffs' Trust Deeds and notes that they had no right to do so.

37. Plaintiff alleges that due to their reliance on Defendants representations he has been damaged in an amount that currently exceeds $25,000.00 and additionally costs of

moving out of Plaintiffs' property and the costs to relocate back to the subject Property.

38. Plaintiff alleges Defendants BOFA and QUALITY intentionally and fraudulently

converted Plaintiffs' right, title and interest to his property, and any equity therein.

Defendants' willful deceit was with intent to induce Plaintiff into believing they had

authority to start the foreclosure process by recording a false document. (See infra)

39. Defendants' conduct as set forth above was intentional, oppressive fraudulent and

malicious so as to justify an award of punitive damages in an amount sufficient that

such conduct will not be repeated.

## Recording a False Document

40. The Notice of Default states, "That by reason thereof, the present beneficiary under such deed of trust, has *executed and delivered to said agent, a written Declaration of Default and Demand for same, and has deposited with said agent such Deed of Trust and all documents evidencing obligations secured thereby"*

However, Defendants do not have the original promissory note, nor do they provide

any documents evidencing obligations secured thereby.

41. Furthermore, according to *California Penal Code* §115 in pertinent part:

(a) Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony.
(b) Each instrument which is procured or offered to be filed, registered, or recorded in violation of subdivision (a) shall constitute a separate violation of this section.

In addition, *California Evidence Code* §669 states in pertinent part:

(a) The failure of a person to exercise due care is presumed if:
(1) He violated a statute, ordinance, or regulation of a public entity;

Here, as stated above the Declaration of Due Diligence as required by Section

2923.5 of the California Civil Code is missing and/or improper for the Notice of

Default. Therefore, Defendants BOFA and QUALITY, is guilty of a felony for

recording the Notice of Default with a false instrument according to California Penal

Code §115. Since Defendants have violated a statute, the failure of them to exercise

due care will be presumed.

42. Furthermore, This defendant did not adhere to the mandates laid out by congress

before a foreclosure can be considered duly perfected. The Notice of Default states:

"That by reason thereof, the present beneficiary under such deed of trust, has *executed and delivered to said agent, a written Declaration of Default and Demand for same, and has deposited with said agent such Deed of Trust and all documents evidencing obligations secured thereby,* and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby."

However, Defendants do not have the Deed of Trust, nor do they provide any

documents evidencing obligations secured thereby. For the aforementioned reasons, the

Notice of Default will be void as a matter of law and Defendants recorded a false

document.

**III.**

**THIRD CAUSE OF ACTION**
**FOR INTENTIONAL MISREPRESENTATION**
**(Against all Defendants)**

43. Plaintiff repeats and re-alleges Paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiff is informed and believe that the representation on the Deed of Trust and

Notice of Default was a false intentional representation in the following particulars:

[A]     Defendant BOFA knew Defendant QUALITY was not authorized to

commence the foreclosure process by executing a Notice of Default and it was made

for the sole purpose of inducing reliance and confusing Plaintiffs.

[B]     At the time Defendant QUALITY executed the Notice of Default they knew

the required Declaration of Due Diligence was false and for the sole purpose of inducing reliance and confusing Plaintiffs. Defendants also recorded a document they knew was false.

[C] Defendant QUALITY was not entitled to the payments and authorized to start the foreclosure process since there was never a recorded assignment from.

## IV.

## FOURTH CAUSE OF ACTION
## VIOLATION OF *CALIFORNIA CIVIL CODE* §2923.6
### (As Against All Defendants)

45. Plaintiff re-alleges and incorporates by reference the above paragraphs 1 through 44 as though set forth fully herein.

46. Defendants' Pooling and Servicing Agreement (hereinafter "PSA") contains a duty to maximize net present value to its investors and related parties.

47. *California Civil Code* §2923.6 broadens and extends this PSA duty by providing that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

48. Pursuant to *California Civil Code* §2923.6(a), a servicer acts in the best interest of all parties if it agrees to or implements a loan modification where the (1) loan is in payment default, and (2) anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

49. Plaintiff's loan is presently in an uncertain state and The Joint Economic Committee of Congress estimated in June 2007 that the average foreclosure results in $77, 935.00 in costs to the homeowner, lender, local government, and neighbors.

50. Of the $77,935.00 in foreclosure costs, the Joint Economic Committee of Congress estimates that the lender will suffer $50,000.00 in costs in conducting a non-judicial foreclosure on the property, maintaining, rehabilitating, insuring, and reselling the property to a third party. Freddie Mac places this loss higher at $58,759.00.

51. Pursuant to *California Civil Code* §2823.6, Plaintiffs invoke the remedies embodied in the aforementioned agreement and/or codes with a willingness to execute a modification of their loan. This option was not explored with the Plaintiffs.

52. Furthermore, according to Anthony E. Dimock v. Emerald Properties, LLC. et al. (81 Cal.App.4th 868, 97 Cal.Rptr.2d 255), Plaintiff was not required to rely upon equity in attacking the deed and therefore he was not required to meet any of the burdens imposed when, as a matter of equity, a party wishes to set aside a voidable deed. (See Little v. CFS Service Corp., supra, 188 Cal.App.3d at p. 1359.) In particular, Plaintiff is not required to tender any of the amounts due under the note.

53. Also in Scott v. Security Title Ins. & Guar. Co. (1937) 9 Cal.2d 606, 610-611, the court stated that "It is true that if the sale had been totally void their tender obligation would have been excused." A "void sale" according to 12 Thompson on Real Estate, Thomas Editions §101.0(c)(2)(i) can be set aside even though the property passed into the hands of a bona fide purchaser. Furthermore, the section states that most of the cases in which a sale to a bona fide purchaser was set aside involved *sales by trustees or mortgagees who lacked the power to sell.*

54. Plaintiff is suing for a legal remedy and therefore, there is no requirement of tender. In addition the lack of power of sale rendered the sale void which would excuse Plaintiff's tender obligation.

V.

## FIFTH CAUSE OF ACTION
## VIOLATION OF *CALIFORNIA CIVIL CODE* §1572
### (As to All Defendants)

55. Plaintiff re-alleges and incorporates by reference the above paragraphs 1 through 54 as though set forth fully herein.

56. Plaintiff is an unsophisticated customer whose reliance upon Defendants was reasonable and consistent with the Congressional intent and purpose of *California Civil Code* §1572 enacted in 1872 and designed to assist and protect consumers similarly situated as Plaintiff in this action.

57. Defendants' misrepresentations, failures to disclose, and failure to assign as described above were made with the intent to induce Plaintiff to obligate himself in reliance on the integrity of Defendants and/or Defendants' predecessors.

58. As an unsophisticated customer, Plaintiffs could not have discovered the true nature of the material facts on their own.

59. Plaintiff was ignorant of the facts which Defendants misrepresented and failed to disclose and their reliance was a substantial factor in causing their harm.

60. As a proximate result of Defendants, Plaintiff has suffered damage in an amount to be determined at trial.

61. The conduct of Defendants as mentioned above was fraudulent within the meaning of *California Civil Code* §3294(c)(3), and by virtue thereof Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish and make an example of the Defendants.

## VI.

## SIXTH CAUSE OF ACTION

16
COMPLAINT

## VIOLATION OF *BUSINESS AND PROFESSIONS CODE* §17200
### (As Against All Defendants)

62. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 61, inclusive, as though set forth fully herein.

63. Plaintiff allege that Defendants' practices are likely to mislead the general public, and therefore, constitute a fraudulent business act of practice within the meaning of *Business and Professions Code* §17200. The Defendants' unfair, unlawful, and fraudulent business practices and false and misleading declaration on the Notice of Default present a continuing threat to members of public in that other consumers will be defrauded into assuming this void Notice of Default is in fact valid. Plaintiffs and other members of the general public have no other adequate remedy of law.

64. Plaintiff alleges that the employees and/or agents of Defendant QUALITY represented that said employees and/or agents had contacted Plaintiff to assess his situation. Defendants recorded a false document known as the Notice of Default with an invalid Declaration. Furthermore, there was never an assignment from Defendants BOFA to QUALITY. Therefore, the Notice of Default is VOID as a matter of law.

65. The harm to Plaintiff and to members of the general public outweighs the utility of Defendants' policy and practices, consequently, constitute an unlawful business act of practice within the meaning of *Business and Professions Code* §17200.

As a result of the aforementioned acts, Plaintiff has lost money or property and suffered injury in fact. Defendants received and continue to hold Plaintiff's money and other members of the public who fell victim to Defendants' scheme.

1
2
3                                          VII
4                        **SEVENTH CAUSE OF ACTION**
5            **VIOLATIONS OF FEDERAL TRUTH IN LENDING ACT**
6                          **(Against Defendants BOFA)**
7
8    66. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1
9        through 65, inclusive, as though set forth fully herein.
10
11   69.    Defendants failed to include and disclose certain charges in the finance charge
12   shown on the TIL statement, which charges were imposed on Plaintiffs incident to the
13   extension of credit to the Plaintiffs and were required to be disclosed pursuant to 15 USC
14   sec. 1605 and Regulation Z sec. 226.4, thus resulting in an improper disclosure of finance
15   charges in violation of 15 USC sec. 1601 et seq., Regulation Z sec. 226.18(d). Such
16   undisclosed charges include a sum identified on the Settlement Statement listing the
17   amount financed which is different from the sum listed on the original Note.
18   70    By calculating the annual percentage rate ("APR") based upon improperly
19   calculated and disclosed amounts, Defendants are in violation of 15 USC sec. 1601 et seq.,
20   Regulation Z sec. 226.18(c), 18(d) and 22.
21   71.    Defendants' failure to provide the required disclosures provides Plaintiff's with the
22   right to rescind the transaction, and Plaintiffs, through this public Complaint which is
23   intended to be construed, for purposes of this claim, as a form Notice of Rescission, hereby
24   elect to rescind the transaction.
25
26        The aforementioned acts of Defendants, and each of them, were motivated by
27   oppression, fraud, malice in that Defendants, and each of them, by their respective acts,
28   omissions, nonfeasance, misfeasance and/or malfeasance executed an invalid

foreclosure sale of the Plaintiff's Subject Property, in order to deny Plaintiff of his rights of possession and ownership, whereupon, the Foreclosure was defective as discussed above due to the VOID Notice of Default and as such the Property must be restored to Plaintiff or alternatively Plaintiff is entitled to the value of thereof.

**WHEREFORE,** Plaintiffs having set forth the claims for relief against Defendants, respectfully prays that this Court grant the following relief against the Defendants:

1. Actual Economic and Non-Economic Damages;

2. For a declaration of the rights and duties of the parties relative to Plaintiff's Home to determine the actual status and validity of the loan, Deed of Trust, and Notice of Default.

3. For a preliminary injunction and permanent injunction enjoining all Defendants, their agents, assigns, and all person acting under, for, or in concert with them, from foreclosing on Plaintiff's Home or from conducting a trustee's sale or causing a trustee's sale to be conducted relative to Plaintiff's Home;

4. Cancellation of any future sale and restitution of the home to the Plaintiffs;

5. For damages as provided by statute;

6. For an Order enjoining Defendants from continuing to violate the statutes alleged herein;

7. For a restraining order preventing Defendants and his, hers, or its agents, employees, officers, attorneys, and representatives from engaging in or performing any of the following acts: (i) offering, or advertising this property for sale and (ii) attempting to transfer title to this property and or (iii) holding any auction therefore;

8. For punitive damages;

9.      Costs and reasonable attorney's fees pursuant to *California Civil Code* §1717,

§1788.30(b), §1788.30(c);

10.      For such other and further relief as the court may deem just and proper.

Dated: 05/25/2011          By:

                                  Rocio Pineda, Plaintiff in Pro Per

## **VERIFICATION**

I, Rocio Pineda , am the Plaintiff in the above entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, expect as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing true and correct and that this declaration was executed in Riverside, County of Riverside, State of California.

Dated: 05/25/2011                        By:_____
                                                Rocio Pineda, Declarant

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

## EDCV11- 972 VAP (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [X] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| Rocio Pineda | Banks of America, N.A, formally doing business as Greenpoint Mortgage Funding; Quality Loan Service Corp; and Does 1-50 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Rocio Pineda          7946 Drake Street<br>(562) 965-2034        Fontana, CA 92336·<br>Pro Per Plaintiff | David C. Scott, Esq.<br>(619) 685-4800                                    McCarthy & Holthus, LLP<br>Attorney for                                        1440 Fourth Avenue<br>Bank of America, N.A; Quality Loan Service    San Diego CA 92101 |

**II. BASIS OF JURISDICTION** (Place an X in box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1331 - Plaintiffs' claims arise under the laws of the United States.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☑ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   ED   CV 11 - 00972   VAP (SBy)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

JUN 20 2011

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Bank of America, N.A. - Texas; Quality Loan Service Corp. - San Diego County |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date  6/20/11

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |